## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
## CHARLOTTE DIVISION
## CIVIL ACTION NO. 3:20-CV-491-RJC-DCK

| | |
|---|---|
| KWAMIR BRADLEY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) MEMORANDUM AND |
| | ) RECOMMENDATION AND |
| | ) ORDER |
| PROGRESS RESIDENTIAL | ) |
| PROPERTY MANAGER, LLC, | ) |
| | ) |
| Defendants. | ) |
| | ) |

**THIS MATTER IS BEFORE THE COURT** on Defendant's "Motion To Dismiss" (Document No. 14 ). This motion has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b) and is now ripe for disposition. Having carefully considered the arguments, the record, and the applicable authority, the undersigned will respectfully recommend that the motion be <u>granted in part</u> and <u>denied without prejudice in part</u>.

## I. BACKGROUND

Kwamir Bradley ("Plaintiff" or "Bradley"), appearing *pro se*, initiated this action with the filing of a "Complaint" against Progress Residential Property Manager, LLC ("Defendant" or "Progress") on September 9, 2020. (Document No. 1). Defendant filed a "Motion To Dismiss" on November 20, 2020. (Document No. 9). On December 11, 2020, Plaintiff filed a "Motion For Leave To Amend And Supplement Complaint," which was allowed by the Court on December 14, 2020. (Document Nos. 11 and 12). Plaintiff's "Amended Complaint" was filed on the same day. (Document No. 13).

Plaintiff's "Amended Complaint" asserts three claims against Defendant: (1) violation of 15 U.S.C. § 1692, also known as the Fair Debt Collection Practices Act ("FDCPA"); (2) fraud; and (3) negligence. (Document No. 13). The crux of the Complaint is that "Defendant is a 'debt collector' as defined by the FDCPA, 15 U.S.C. § 1692a(6)" who has violated the FDCPA by, *inter alia*, furnishing "deceptive forms," using "intimidating tactics," and forcing Plaintiff "into debt." (Document No. 13, p. 2).

Plaintiff contends that Defendant's alleged violations began "on or around August 2016 with a deceptive form that was written to be the residential lease contract." (Document No. 13, p. 3). Plaintiff states that "[t]he most recent violation came on September 02, 2020" when "Progress sent a notice of default saying I owe them an amount of $10,119.89." (Document No. 13, p. 4).

The Amended Complaint goes on to allege that the "original rental agreement disclosed no federal law" and therefore, was fraudulent and violated Plaintiff's "consumer rights." (Document No. 13, pp. 6-7). "Plaintiff avers that, as a result of Defendant's non-disclosure of federal law . . . Plaintiff is entitled to the award of punitive damages, and actual damages from the Defendant in addition to its monetary loss of $108,099.91." (Document No. 13, pp. 7-8).

"Defendant's Motion To Dismiss" (Document No. 14) and "…Memorandum Of Law In Support Of Motion To Dismiss" (Document No. 15) were filed on January 15, 2021. Defendant alleges that Plaintiff's "Amended Complaint" should be dismissed pursuant to Fed.R.Civ.P. 12(b)(6) for failing to state a claim upon which relief can be granted. (Document Nos 14 and 15).

Plaintiff filed his "Opposition To Motion To Dismiss" (Document No. 16) on February 1, 2021 and a "…Response And Brief Of Law In Opposition Of Defendants Motion To Dismiss" (Document No.17) on February 9, 2021.

Defendant failed to file a reply brief in support of the motion to dismiss, or a notice of intent not to reply, as required by Local Rule 7.1(e).

The pending motion to dismiss is now ripe for review and a recommended disposition to the Honorable Robert J. Conrad, Jr.

## II. STANDARD OF REVIEW

A motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6) tests the "legal sufficiency of the complaint" but "does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." Republican Party of N.C. v. Martin, 980 F.2d 943, 952 (4th Cir. 1992); Eastern Shore Markets, Inc. v. J.D. Assoc. Ltd. Partnership, 213 F.3d 175, 180 (4th Cir. 2000). A complaint attacked by a Rule 12(b)(6) motion to dismiss will survive if it contains "enough facts to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007));  see also, Robinson v. American Honda Motor Co., Inc., 551 F.3d 218, 222 (4th Cir. 2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id.

The Supreme Court has also opined that

> Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Specific facts are not necessary; the statement need only "'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" In addition, when ruling on a defendant's motion to dismiss, a judge must accept as true all of the factual allegations contained in the complaint.

Erickson v. Pardus, 551 U.S. 89, 93-94 (2007) (quoting Twombly, 550 U.S. at 555-56).

"Although for the purposes of this motion to dismiss we must take all the factual allegations in the complaint as true, we are not bound to accept as true a legal conclusion couched as a factual allegation." Papasan v. Allain, 478 U.S. 265, 286 (1986). The court "should view the complaint in the light most favorable to the plaintiff." Mylan Labs, Inc. v. Matkar, 7 F.3d 1130, 1134 (4th Cir. 1993).

### III. DISCUSSION

**A. Failure to State a Claim**

Defendant argues that Plaintiff's suit should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6) because the Amended Complaint is "completely devoid of specific factual allegations to support his claims of wrongdoing by Progress." (Document No. 15, p. 4). Defendant further asserts that "there are not enough factual allegations in the Complaint for Progress to determine even by reasonable investigation what it allegedly did wrong." Id. Moreover, according to Defendant, there are no "factual enhancements" that take Plaintiff's "bare allegations and transform them into something which plausibly supports a claim for relief." Id.

Defendant then notes that "[t]o prevail on a FDCPA claim, a plaintiff must sufficiently allege that (1) he was the object of collection activity arising from a consumer debt as defined by the FDCPA, (2) the defendant is a debt collector as defined by the FDCPA, and (3) the defendant engaged in an act or omission prohibited by the FDCPA." Id. (quoting Joy v. MERSCORP, Inc., 935 F.Supp.2d 848, 857 (E.D.N.C. 2013)).

The Amended Complaint first alleges that Defendant violated the FDCPA by not disclosing that it is a "debt collector," not disclosing applicable federal law, and/or making false representations. (Document No. 13, pp. 5-7). In seeking dismissal, Defendant argues that the Amended Complaint "contains purely speculative and conclusory statements" that cannot satisfy

4

the standards of Iqbal and Twombly. (Document No. 15, p. 4). For example, Defendant contends that the alleged August 2016 violation fails because Defendant was not required to "disclose the existence of the FDCPA," and "non-disclosure of federal law" does not "constitute a violation of the FDCPA, nor is it sufficient to constitute negligence or fraud." (Document No. 15, pp. 4-5) (citing Document No. 13, ¶¶ 24, 31); see also (Document No. 15, ¶ 17). In addition, Defendant argues that the allegation of a violation in September 2020, related to a purported notice of an outstanding balance, fails due to a lack of "factual enhancement or support." (Document No. 15, p. 5).

Next, Defendant Progress argues that Plaintiff's FDCPA claims cannot proceed because Progress is not a "debt collector." (Document No. 15, pp. 5-6). In support, Defendant points out that under the FDCPA, a debt collector is one who collects debts "owed or due or asserted to be owed or due *another*." Id. (quoting Wilson v. v. Draper & Goldberg, 443 F.3d 373, 379 (4th Cir. 2006). Thus, Defendant concludes that "[s]ince the allegations in the Complaint state that the debt was owed to Progress, Progress is not a debt collector within the meaning of the FDCPA." (Document No. 15, p. 6).

In response, Plaintiff argues that "[t]he Complaint clearly has a more than sufficient statement of the claim and more than meets the requirement that it be 'short and plain.'" (Document No. 17, p. 3). Plaintiff notes that "[s]pecific facts are not necessary in a Complaint, instead, the statement need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Id. (quoting Epos Tech. Ltd. v. Pegasus Tech, Ltd., 636 F.Supp.2d 57, 63) (D.D.C. 2009) (quoting Twombly, 550 U.S. at 555 (2007)). Plaintiff interprets this to mean that a motion to dismiss is only appropriate where a complaint is "'unintelligible,' not where a complaint suffers for 'lack of detail.'" Id. (quoting Epos Tech., 636 F.Supp.2d at 63). In Plaintiff's

5

view, this unintelligibility standard is not met, as "the Complaint specifically identifies the actions of Defendants and how those actions have wronged the plaintiff." (Document No. 17, p. 3) (citing Document No. 13, pp. 2-9).

Plaintiff's response further argues that Defendant *is* a debt collector as defined by 15 U.S.C. § 1692a (6). (Document No. 17, p. 4) (citing Document No. 13, ¶ 8). Plaintiff asserts that the FDCPA is a strict liability statute, so he does not "need to show that the debt collector intentionally, fraudulently, or knowingly violated the Act." Id. Plaintiff argues that Progress fits within the statutory definition of a debt collector, "as they collect debts on a month-to-month basis." Id. (citing 15 U.S.C 1692a (6)). Moreover, Plaintiff alleges Defendant violated the FDCPA by failing to disclose federal law, which Plaintiff argues qualifies as a "false and misleading representation" under the statute. (Document No. 17, p. 4) (citing Document No. 13, pp. 5-7). Finally, Plaintiff seems to suggest that Progress wrongfully furnished a form that included false or misleading information related to Plaintiff's purported debt. (Document No. 17, p. 4).

As noted above, Defendant failed to file a reply brief, or notice of intent not to reply. See Local Rule 7.1(e). This failure surrendered an opportunity for Defendant to further explain the applicability, or lack thereof, of the FDCPA to this case, and deprived the Court of additional information and rebuttal to assist its decision on the pending motion.

The undersigned finds that the question of dismissal pursuant to Rule 12(b)(6) presents a close call. The filings of both Plaintiff and Defendant are overly conclusory and lack details that would assist the Court's understanding of the parties' relationship and the alleged wrongdoing. Most, if not all, of Plaintiff's claims hinge on whether Defendant is a "debt collector" under the FDCPA.

In support of its motion, Defendant contends that "[t]here is nothing in the Amended Complaint that adequately alleges that Plaintiff is a 'debt collector' within the meaning of the FDCPA." (Document No. 15, p. 2). Contrary to Defendant's contention, *pro se* Plaintiff's pleading unequivocally alleges that "Defendant is a 'debt collector' as defined by the FDCPA, 15 U.S.C. § 1692a (6)" and alleges that Defendant violated the FDCPA by not properly disclosing itself as a debt collector. (Document No. 13, p. 3).

Defendant seems to conclude that it cannot be defined as a debt collector under the FDCPA because Plaintiff alleges that the underlying debt was owed directly to Defendant. See (Document No. 15, pp. 5-6). Defendant reaches this conclusion without any citation to the Amended Complaint. Id. Presumably, Defendant is referring to an allegation in the Amended Complaint stating that "Progress sent a notice of default saying I owe them an amount of $10,119.89…." (Document No. 13, p. 4). Defendant declines to provide any information about its business, its relationship with Plaintiff, any underlying contracts or agreements, what, if any, debt it collected or attempted to collect from Plaintiff, or to otherwise address why it should *not* be regarded as a debt collector. (Document No. 15).

The single line from the Amended Complaint that Defendant seems to rely upon is not sufficient for this Court to determine whether or not Defendant is a "debt collector." It may be easily determined at a later date that Defendant here was collecting a debt it was owed, and therefore, it is *not* a debt collector and the FDCPA is not applicable to this case. However, at this point it seems that Plaintiff has asserted a plausible claim that Defendant is a debt collector and violated the FDCPA. As stated in the standard of review above:

> Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Specific facts are not necessary; the statement need only "'give the defendant fair notice of what the ... claim is and the

> grounds upon which it rests.'" In addition, when ruling on a defendant's motion to dismiss, a judge must accept as true all of the factual allegations contained in the complaint.

Erickson v. Pardus, 551 U.S. 89, 93-94 (2007) (quoting Twombly, 550 U.S. at 555-56).

It appears, as Plaintiff argues, that he has satisfied the requirement of Fed.R.Civ.P. 8. See (Document No. 17, pp. 2-3). To date, Defendant has failed to provide sufficient information that would allow this Court to conclude Plaintiff's claims are not plausible and/or fail as a matter of law. As such, the undersigned will respectfully recommend that the pending motion to dismiss be denied without prejudice as to Plaintiff's more recent FDCPA claims.

*Pro se* Plaintiff is respectfully advised that the undersigned does construe the Amended Complaint as containing minimal factual support for his claims and that it could be dismissed if the Court is provided reliable information showing that Defendant is not properly cast as a debt collector. Since the undersigned is recommending that the pending motion be denied without prejudice, the undersigned will *sua sponte* allow *pro se* Plaintiff a final opportunity to amend his Complaint. A Second Amended Complaint might include additional supporting factual content, and/or attachments such as the alleged "deceptive form"/"residential lease contract," the "notice of default," and/or other documents relevant to Plaintiff's claims.

**B. Statute of Limitations**

Defendant Progress also argues that Plaintiff's claims arising from August 2016 are time-barred. (Document No. 15, pp. 6-7). Defendant notes that any alleged violation in August 2016 is more than four (4) years ago, and "well outside the one-year statute of limitations applicable to FDCPA claims." (Document No. 15, p. 6) (15 U.S.C § 1692k(d)).

Defendant further argues that even if Plaintiff is alleging "continuing violations of the FDCPA," "'courts have routinely rejected a continuing violation theory within the context of

FDCPA's statute of limitations.'" Id. (citing Garvey v. Seterus, 5:16-CV-209-RLV, 2017 WL 2722307 at *4, (W.D.N.C. June 23, 2017) and Rotkiske v. Klemm, 140 S.Ct. 355, 360 (2019)). In addition, Defendant notes that "North Carolina imposes a three-year statute of limitations on negligence and fraud claims." (Document No. 15, p. 7) (citing N.C.Gen.Stat. § 1-52).

In response, Plaintiff asserts that the Complaint is not time-barred. (Document No. 17, p. 5). However, Plaintiff does not attempt to distinguish the legal authority cited by Defendant and seems to concede that claims arising from August 2016 would be precluded. Id. At a minimum, Plaintiff acknowledges that each FDCPA "violation is a separate violation [and] a new violation occurrence has one year to be brought to any appropriate United States district court." Id. Plaintiff goes on to suggest, without much argument or any legal authority, that his fraud claims should survive.

The undersigned finds Defendant's arguments here to be compelling. The undersigned will, therefore, recommend that the motion to dismiss be granted as to Plaintiff's claims under the FDCPA and/or negligence – stemming from allegations in 2016. The undersigned will recommend that dismissal of the fraud claim be denied without prejudice. Plaintiff may revise his fraud claim, if appropriate, in a Second Amended Complaint.

## IV. RECOMMENDATION AND ORDER

**FOR THE FOREGOING REASONS**, the undersigned respectfully recommends that Defendant's "Motion To Dismiss" (Document No. 14) be **DENIED WITHOUT PREJUDICE in part** and **GRANTED in part**, as described herein. Defendant's request for attorney's fees is **DENIED**.

**IT IS FURTHER ORDERED** that *pro se* Plaintiff may file a Second Amended Complaint on or before **July 16, 2021**.

## V. TIME FOR OBJECTIONS

The parties are hereby advised that pursuant to 28 U.S.C. § 636(b)(1)(C), and Rule 72 of the Federal Rules of Civil Procedure, written objections to the proposed findings of fact, conclusions of law, and recommendation contained herein may be filed within **fourteen (14) days** of service of same. Responses to objections may be filed within fourteen (14) days after service of the objections. Fed.R.Civ.P. 72(b)(2). Failure to file objections to this Memorandum and Recommendation with the District Court constitutes a waiver of the right to *de novo* review by the District Court. Diamond v. Colonial Life, 416 F.3d 310, 315-16 (4th Cir. 2005); United States v. Benton, 523 F.3d 424, 428 (4th Cir. 2008). Moreover, failure to file timely objections will preclude the parties from raising such objections on appeal. Id. "In order 'to preserve for appeal an issue in a magistrate judge's report, a party must object to the finding or recommendation on that issue with sufficient specificity so as reasonably to alert the district court of the true ground for the objection.'" Martin v. Duffy, 858 F.3d 239, 245 (4th Cir. 2017) (quoting United States v. Midgette, 478 F.3d 616, 622 (4th Cir. 2007)).

**IT IS SO RECOMMENDED**.

Signed: June 25, 2021

David C. Keesler
United States Magistrate Judge